XIAOYI YAO (Bar No. 261290)
sherry.yao@cn.kwm.com
King & Wood Mallesons
2500 Sand Hill Road, Suite 111
Menlo Park, CA 94025
Telephone: (650) 509-5223

*Attorneys for Plaintiffs*
GOOSH INC., and TAIZHOU QUJIANG TOYS CO., LTD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOSH INC., and TAIZHOU QUJIANG TOYS CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> AFG MEDIA LTD, <br><br> Defendants, | Case No. 2:24-cv-10960 <br><br> **COMPLAINT FOR:** <br><br> **1. DECLARATORY JUDGMENT OF NON-LIABILITY FOR COPYRIGHT INFRINGEMENT-- ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF** <br><br> **2. VIOLATION OF 17 U.S.C. § 512 (f)** <br><br> **3. TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS** <br><br> **JURY TRIAL DEMAND** |

Goosh Inc. and Taizhou Qujiang Toys Co., Ltd., by their attorneys, for their complaint in this action against AFG Media Ltd allege:

## INTRODUCTION

1. Plaintiffs Goosh Inc and Taizhou Qujiang Toys Co., Ltd. ("Taizhou Qujiang") (collectively "Plaintiffs") have been forced to file this action against Defendant AFG Media Ltd ("Defendant"), to address its knowingly false claims made in, on and to the online marketplace Amazon.com owned and operated by Amazon.com, Inc. ("Amazon").

2. Defendant misused Amazon's policy by filing false takedown notices under the Digital Millennium Copyright Act ("DMCA"), causing the removal of Plaintiffs' listings on Amazon.com for four inflatable costume products. In its takedown notices, Defendant falsely alleged that Plaintiffs' original design inflatable costume products infringed Defendant's copyright in its alien costume works.  As a result, Plaintiffs' alien costume products remain unavailable on Amazon, causing significant damages to Plaintiffs.

## JURISDICTION AND VENUE

3. This action arises pursuant to the copyright laws of the United States, 17 U.S.C. § 101 et seq, § 512(f), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to at least 28 U.S.C. §§ 1331, 1332(a), 1338, 1367, 2201, and 2202, and under this Court's pendent jurisdiction over related state claims arising under the same operative facts and circumstances pursuant to 28 U.S.C. § 1367.  The parties are of diverse citizenship, and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

4. Defendant is subject to personal jurisdiction in this district, because it directs business activities toward and maintains substantial contacts with the state of California, including this district.  Defendant operates extensively in California through its Amazon storefront, its own official website, and a warehouse located at 6010 Cajon Blvd, San Bernardino, California, 92407. Defendant has targeted its inflatable costume

products, including the costumes bearing its asserted copyrighted works, to consumers in California. Additionally, Defendant's top three ports of entry for shipments into the United States are located in California, including Los Angeles, Long Beach, and Oakland.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Defendant directly targets business activities towards consumers in California, and a substantial part of such activities take place in this district.

## PARTIES

6. Plaintiff Goosh Inc. is a corporation organized and existing under the laws of California, having its principal place of business in City of Industry, California.

7. Plaintiff Taizhou Qujiang is a corporation organized and existing under the laws of China, having its principal place of business in Taizhou, China.

8. On information and belief, Defendant AFG Media Ltd is a corporation organized and existing under the laws of the UK, having its principal place of business in Edinburgh, Scotland.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of Copyrights)**

9. Plaintiff Taizhou Qujiang owns and operates a storefront on Amazon.com, selling inflatable costume products.

10. Plaintiff Goosh Inc. specializes in designing and manufacturing inflatable costume products. Goosh Inc. designed and supplied the *Alien Pick Me Up* costume, which is sold on Taizhou Qujiang's Amazon storefront. Goosh Inc. holds a copyright registration for the *Alien Pick Me Up* costume under registration number VAu1-523-776.

11. On August 24th, 2024, Taizhou Qujiang received an email from Amazon. The email informed Taizhou Qujiang that a product listed on Amazon.com under ASIN B0D6LS2Z2H had been removed due to a takedown notice filed by Defendant with Amazon's Brand Registry Support. Amazon's email includes the takedown notice. In

the takedown notice, Defendant alleged that the product infringed Defendant's copyrights to its alien costume designs ("Works").

12. On August 28th, 2024, Taizhou Qujiang received a second email from Amazon. The email stated that another product, listed under ASIN B0D6LRNHPL, had been removed following a similar takedown notice filed by Defendant.

13. Later that same day, Taizhou Qujiang received a third email from Amazon. The email informed Taizhou Qujiang that two additional products, listed under ASINs B0D4QFPF1Y and B0D4QSWV29, had been removed due to yet another takedown notice filed by Defendant, repeating similar allegations.

14. The four removed products described above are Plaintiff's original design *Alien Pick Me Up* costumes, collectively referred to as the "Removed Products." The three takedown notices sent by Defendant to Amazon as described above are collectively referred to as the "Takedown Notices."

15. In all three Takedown Notices, Defendant referenced a prior court order from a case involving unrelated parties and different products. Defendant misled Amazon into removing the Removed Products by falsely asserting that the removal was required for "prompt compliance with this court order."

16. As of date of filing this complaint, the listings for the Removed Products remain unavailable on Amazon.com. Defendant's false claims of copyright infringement have caused irreparable harm to Plaintiffs' businesses.

17. Plaintiffs are entitled to a judgment declaring that the offering, reproduction, distribution, display, or transmission of the Removed Products does not infringe, directly or indirectly, any copyrights to Defendant's Works.

18. Plaintiffs are entitled to preliminary and permanent injunctions requiring Defendant to withdraw the Takedown Notices, and to cease and desist from any further interference with selling or displaying of Removed Products on Amazon.com or any other distributor thereof.

## SECOND CAUSE OF ACTION

**(Violation of 17 U.S.C. § 512(f))**

19. Paragraphs 1-18, above, are realleged and incorporated by reference as if set forth in full.

20. In Defendant's Takedown Notices to Amazon, Defendant knowingly and materially misrepresented that the Removed Products infringed Defendant's copyright in the Works.

21. In Defendant's Takedown Notices to Amazon, Defendant referred to a prior court order and knowingly and materially misrepresented that Amazon's removal of the Removed Products was required for "prompt compliance with this court order."

22. Defendant's knowing misrepresentations have injured Plaintiffs' business by causing Amazon to cease distribution of the Removed Products.

23. Defendant is liable to Plaintiffs, jointly and severally with any officers or directors who personally approved the transmission of Takedown Notices, for damages and attorneys' fees under 17 U.S.C. § 512(f).

## THIRD CAUSE OF ACTION

**(Tortious Interference with Business Relations)**

24. Paragraphs 1-23, above, are realleged and incorporated by reference as if set forth in full.

25. Plaintiffs have contracts with Amazon that allow them to sell products on Amazon's website.

26. Upon information and belief, Defendant is aware of Plaintiffs' contracts with Amazon, as Defendant also owns storefronts and sells on Amazon.com.

27. Upon information and belief, Defendant intentionally and willfully interfered with Plaintiffs' contracts with Amazon by sending Takedown Notices containing false statements. Defendant's such acts have resulted in Amazon suspending its business relationship with Plaintiffs by removing the listings for the Removed Products from Amazon.com.

28. As a result of Defendant's interference with the business and contractual relationships between Plaintiffs and Amazon, Plaintiff were deprived of the prospective economic advantage it would have reaped from selling goods to prospective customers.

29. Defendant is liable to Plaintiffs, jointly and severally with any officers or directors who personally approved the transmission of Takedown Notices for damages, fees and cost as provided by law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Court:

(i) declare that Plaintiffs are not liable to Defendant for infringement of any copyrights to the Works;

(ii) issue preliminary and permanent injunctions directing Defendant to withdraw the Takedown Notices, and any other notice Defendant may have sent to any distributor of the Removed Products and restrain Defendant from further interfering with the distribution of the Removed Products;

(iii) award Plaintiffs damages as provided by law resulting from Defendant's tortious interference with Plaintiffs' business relationships and misrepresentation in the Takedown Notices;

(iv) award Plaintiffs attorneys' fees as provided by law; and

(v) award Plaintiffs such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of all issues so triable.

DATED: December 19, 2024

                                          Xiaoyi Yao
                                          King & Wood Mallesons

                                          By: /s/ Xiaoyi Yao
                                          Xiaoyi Yao
                                          Attorneys for Plaintiffs
                                          GOOSH INC., and TAIZHOU QUJIANG TOYS CO., LTD